In the Matter of the Claim of Marie Briars, Respondent, against Melody Lane Restaurant et al., Appellants. Workmen's Compensation Board, Respondent.— Appeal from a decision and award of the Workmen's Compensation Board. The Workmen's Compensation Board has reformed a policy of insurance over carrier's objection to strike out in the words following " name of employer " the designation " David Briars and Marie Briars, d/b/as: Melody Lane Restaurant " and to insert instead " David (Daniel) Briars doing business as the Melody Lane Restaurant ". The result of this amendment and a finding that Marie Briars was an employee rather than an employer is that the carrier has been held liable for an award of workmen's compensation benefits in favor of Marie Briars. The Briars are husband and wife. We think there is no substantial evidence in the record to support the reformation of the contract. All such evidence, of course, must be viewed in the light of events before the accident. There is proof by an agent of the carrier who was related by marriage to the Briars family that Mr. Briars told him that the business was his alone and not his wife's, and it was decided not then to change the carrier's policy to this effect but to let it remain unchanged until it expired in May. This is not a mistake of fact warranting reformation on

any theory, but proof of a continuation of the terms of a contract with knowledge of new facts. There is, moreover, no proof that the insurance company knew before the accident or was advised that Mrs. Briars was not only not an employer, but was an employee. This becomes strongly evident from the text of a letter written by the agent to the carrier after the accident, stating that it "now develops" that the wife is not a partner and "also" that she "has become" an employee. The proof in respect of records, tax returns, and other actions by the parties over a long period suggests strongly she was regarded as an owner of the business. The husband and wife testified, however, that shortly before her injury she began to work in the kitchen, and on this proof the board could find that at the time she was injured, as between herself and her husband, she was then an employee. The record, considered as a whole, does not warrant the extension of the liability of the carrier to cover this arrangement. Decision and award modified, on the law, by reversing so much thereof as charges liability against the carrier and as thus modified affirmed, with costs to the carrier against the Workmen's Compensation Board. Foster, P. J., Brewster, Bergan, Coon and Imrie, JJ., concur.